**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES BRYANT,

      Petitioner,                 Civil No. 05-70497-DT
                                  HONORABLE GEORGE CARAM STEEH
v.                             UNITED STATES DISTRICT JUDGE

CAROL HOWES,

      Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

James Bryant, ("petitioner"), presently confined at the Lakeland

Correctional Facility in Coldwater, Michigan, seeks the issuance of a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner

challenges his conviction for first-degree felony murder, M.C.L.A. 750.316; M.S.A.

28.548.  Respondent has filed a motion for summary judgment, contending that

the petition was not timely filed in accordance with the statute of limitations

contained in 28 U.S.C. § 2244 (d)(1).  Petitioner has filed a response to the

motion for summary judgment.  For the reasons stated below, petitioner's

application for a writ of habeas corpus is summarily dismissed.

**I.  Background**

Petitioner was convicted in the Detroit Recorder's Court and was

sentenced on September 27, 1971.  Petitioner's direct appeals with the Michigan

1

courts ended on December 28, 1972, when the Michigan Supreme Court denied him leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Bryant,* 54464 (Mich.Sup.Ct. December 28, 1972).

Petitioner filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan, which was dismissed on the ground that petitioner had failed to exhaust his claim with the state courts. *United States ex. rel. Bryant v. Johnson,* 4-71416 (E.D. Mich. August 9, 1974). [1]

Petitioner thereafter filed a number of delayed applications for leave to appeal in the Michigan courts, in which he challenged his conviction. All of these delayed applications for leave to appeal were denied. *People v. Bryant,* 77-2693 (Mich.Ct.App. January 5, 1978); *People v. Bryant,* 78-2041 (Mich.Ct.App. July 28, 1978); *lv. den.* 61860 (Mich.Sup.Ct. February 26, 1979); *People v. Bryant*, 74811 (Mich.Ct.App. February 13, 1985); *lv. den.* 76309 (Mich.Sup.Ct. November 25, 1985).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.* with the trial court on September 27, 2001. [2] After the motion for relief from judgment was denied by the trial court and the Michigan Court of Appeals denied petitioner leave to appeal, the Michigan Supreme Court

---

[1]  Because this petition was dismissed on exhaustion grounds, petitioner was not required to seek s certificate of authorization from the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) prior to filing this petition. S*ee Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998).

[2]  *See* Docket Sheet for *People v. Bryant,* 71-004908-01-FY [This Court's Docket Entry # 7].

2

concluded state post-conviction proceedings by denying petitioner leave to

appeal on April 30, 2004. *People v. Bryant,* 470 Mich. 855; 679 N. W. 2d 73

(2004).  The instant petition was filed on February 8, 2005.

## II.  Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851

(6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for summary

judgment, the non-moving party must set forth specific facts sufficient to show

that a reasonable factfinder could return a verdict in his favor. *Id.*  The summary

judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp.

2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one

(1) year statute of limitations shall apply to an application for writ of habeas

corpus by a person in custody pursuant to a judgment of a state court.  The one

year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
> (C) the date on which the constitutional right asserted was initially

3

recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively applicable
to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

28 U.S.C. § 2244(d)(1).

A federal district court must dismiss a case where a petitioner for a writ of

habeas corpus does not comply with the one-year statute of limitations. *Thomas*

*v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich.1998).

In the present case, direct review of petitioner's conviction appears to have

ended on December 28, 1972, when the Michigan Supreme Court denied

petitioner's application for leave to appeal following the affirmance of his

conviction by the Michigan Court of Appeals.  Petitioner, however, filed several

delayed applications for leave to appeal, the last of which was denied by the

Michigan Supreme Court on November 25, 1985.

It is unclear whether petitioner's delayed applications for leave to appeal

would be considered part of the direct review process or the collateral review

process, for determining when the one year statute of limitations commenced

pursuant to 28 U.S.C. § 2244(d)(1)(A).  The Sixth Circuit, in the context of

determining the applicability of the U.S. Supreme Court's holding in *Sandstrom v.*

*Montana* [3], has noted that "[the Michigan courts have generally adopted the view

---

[3] 442 U.S. 510 (1979).

4

that long-delayed appeals are not regarded as part of a defendant's direct appeal." *Wheeler v. Jones,* 226 F. 3d 656, 659 (6th Cir. 2000)(*citing to People v. Ward,* 459 Mich. 602; 594 N.W. 2d 47 (1999)).  However, even if this Court considered petitioner's delayed applications for leave to appeal to be part of the direct review process, his conviction became final, for purposes of § 2244(d)(1)(A), no later than February 23, 1986, which was the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court from the denial of his last appeal by the Michigan Supreme Court on November 25, 1985 expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000).  However, because petitioner's conviction became final well before the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *See Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001).  Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *Id.*

Petitioner filed a post-conviction motion for relief from judgment with the state trial court on September 27, 2001.  28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).  This tolling provision is applicable to state

5

prisoners like petitioner whose one year limitations period for seeking federal habeas relief began to run on the AEDPA's enactment date. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001). However, by the time that petitioner had filed this post-conviction motion, the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled. *Smith v. Stegall,* 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001). If the one year limitations period has already expired, filing a motion for state post-conviction relief will not add new time to the limitations period. *Id.* Therefore, the filing of the post-conviction motion by petitioner after the one year limitations period had expired would not extend the limitations period and the instant petition is therefore untimely.

In his response to the motion for summary judgment, petitioner first appears to argue that the provisions of the AEDPA, including the statute of limitations, should not apply to him, because the AEDPA was enacted to "clamp down on terrorist activities, not to impede Due Process."

It is true that the AEDPA is entitled the "Antiterrorism and Effective Death Penalty Act. However, the title of a statute alone is not controlling. *See INS v. St. Cyr,* 533 U.S. 289, 308 (2001). Where the statutory text is clear, " 'the title of a statute ... cannot limit the plain meaning of the text.'"*Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 212 (1998)(*quoting Trainmen v. Baltimore &*

6

*Ohio R. Co.*, 331 U.S. 519, 528-29 (1947)). "[T]he one year statute of limitations under the AEDPA applies to all state convictions that became final after the statute's April 24, 1996 effective date." *See Hutzenlaub v. Portuondo,* 232 F. Supp. 2d 40, 42 (E.D.N.Y. 2002). Although, two of the purposes of the AEDPA, as the title of the statute suggests, may have been fighting domestic and international terrorism and limiting appeals from death row inmates, as one district court has noted: "[T]he sweep of the so-called habeas 'reform' net is much broader, however, catching more than convicted terrorists and petitioners on death row." *See Gonzalez v. United States,* 135 F. Supp. 2d 112, 115 (D. Mass. 2001). Therefore, although petitioner is neither a terrorist nor sentenced to death, the provisions of the AEDPA, including the statute of limitations, clearly apply to him. *Id.*

Petitioner next contends that applying the provisions of the AEDPA to his case would be an improperly retroactive application of new legislation. The AEDPA was enacted on April 24, 1996. Petitioner's application for habeas relief was filed after that date. The application of the AEDPA to a habeas petition which was filed after the AEDPA's effective date, but which involves a crime and a conviction which predated the AEDPA, does not have an impermissible retroactive effect. *See Williams v. Bagley,* 380 F. 3d 982, 943 (6th Cir. 2004); *cert. den. sub nom. Williams v. Bradshaw,* 125 S. Ct. 1939 (2005); *See also Hyatt v. United States,* 207 F. 3d 831, 832-33 (6th Cir. 2000)(application of the AEDPA's

7

one year limitations period for bringing a motion to vacate sentence pursuant to

28 U.S.C. § 2255 was prospective, not retroactive, even though the defendant's

conviction predated the enactment date of the AEDPA, where the defendant filed

his motion to vacate after the effective date of the act).

Petitioner next indicates in his response to the motion for summary

judgment that he was deprived of the effective assistance of appellate and trial

counsel.  Ineffective assistance of counsel does not generally warrant the

equitable tolling of the AEDPA's limitations period. *See Beery v. Ault,* 312 F. 3d

948, 951 (8th Cir. 2002)(internal citations omitted).  A habeas petitioner is not

entitled to equitable tolling of the AEDPA's limitations period on the basis of an

allegation of ineffective assistance of counsel, where these allegations have no

bearing on the untimely filing of a habeas petition. *See McLester v. Hopper,* 67 F.

Supp. 2d 1308, 1310-11 (M.D. Ala. 1999).  Because petitioner does not allege

that either trial or appellate counsel's performance created obstacles to the timely

filing of the petition in this case, he is not entitled to equitable tolling on this basis.

*See Celaj v. Artuz,* 49 Fed. Appx. 331, 334 (2nd Cir. 2002).

Petitioner next claims that he is entitled to habeas relief pursuant to *In re*

*Winship*, 397 U.S. 358, 364 (1970), which held that the Due Process Clause of

the 14th Amendment protects an accused in a criminal case against conviction

except upon proof beyond a reasonable doubt.  Petitioner claims that there was

insufficient evidence of malice to convict him of first-degree felony murder.

8

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

Assuming the truth of petitioner's allegations concerning the lack of evidence of malice to convict him of felony murder, this would be insufficient to establish his factual innocence to the charges. Petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations

9

period. *Redmond v. Jackson,* 295 F. Supp. 2d at 773*; Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002).  Petitioner's argument that he is actually innocent because he lacked the *mens rea* or intent to commit the crime of felony murder would not toll the limitations period, because it, too, involves the legal sufficiency of the evidence and not petitioner's factual innocence. *See Downes v. Carroll,* 348 F. Supp. 2d 296, 305, n. 7 (D. Del. 2004).

Finally, to the extent that petitioner relies on the case of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), this would not delay the commencement of the one year limitations period. 28 U.S.C. § 2244(d)(1)(C) indicates that the one year limitations period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  A federal district court has the ability to determine whether a newly recognized right has been made retroactively applicable to cases on collateral review, for purposes of this section or 28 U.S.C. § 2255 ¶ 6(3), the analogous provision of the statute of limitations for federal motions to vacate sentence. *See Wiegand v. United States,* 380 F. 3d 890, 892-93 (6th Cir. 2004); *Breese v. Maloney,* 322 F. Supp. 2d 109, 114 (D. Mass. 2004).

The Sixth Circuit has held that *Apprendi* is not retroactively applicable to cases on collateral review. *See In Re Clemmons,* 259 F. 3d 489, 492-93 (6th Cir. 2001).  Because *Apprendi* is not retroactively applicable to cases on collateral

10

review, the one year limitations period would not be renewed simply because a petitioner asserts a ground for relief based upon *Apprendi. See King v. United States,* 63 Fed. Appx. 793, 795 (6th Cir. 2003); *Myer v. United States,* 62 Fed. Appx. 581, 582 (6th Cir. 2003); *United States v. Jackson,* 205 F. Supp. 2d 876, 881 (W.D. Tenn. 2002).

Finally, petitioner cannot rely on *Fiore v. White,* 531 U.S. 225 (2001) to delay the commencement of the one year limitations period pursuant to § 2244(d)(1)(C). *Fiore* simply provides a new argument for the due process claim that petitioner raised concerning the alleged insufficiency of evidence. *See Thompson v. Nixon,* 272 F. 3d 1098, 1101 (8th Cir. 2001); *See also Douglas v. Chandler,* 54 Fed. Appx. 794, 794 (5th Cir. 2002)("*Fiore* did not announce a new rule of law; therefore retroactivity is not at issue..."). Indeed, *Fiore* merely restated the Supreme Court's holding in *In Re Winship. Fiore,* 531 U.S. at 228-29. Because petitioner is essentially relying on settled Supreme Court precedent to support his claims, § 2244(d)(1)(C) is inapplicable to his case and would not delay the commencement of the one year limitations period. *See Preston v. Gibson,* 234 F. 3d 1118, 1120 (10th Cir. 2000).

### III.  Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1).  The Court will summarily dismiss the current petition.  The Court will also deny petitioner a

certificate of appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

12

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d at 753.  Because a plain procedural bar is present, no further appeal would be warranted. *Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV.  <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  October 3, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 3, 2005, by electronic and/or ordinary mail.

<u>s/Josephine Chaffee</u>
Secretary/Deputy Clerk